UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Michael Michuda,

        Plaintiff,

        v.

State of Minnesota and Lori Swanson,
Attorney General of the State of
Minnesota,

        Defendants.

**ORDER**
Civil No. 11-1028 ADM/JJK
Civil No. 11-1029 ADM/JJK
Civil No. 11-1030 ADM/JJK

_____

Stephen Michael Michuda, pro se.

Nicole E. Nee, Esq., Dakota County Attorney's Office, Hastings, MN and Matthew Frank, Esq., Minnesota Attorney General's Office, St. Paul, MN, on behalf of Defendant State of Minnesota.

Matthew Frank, Esq., Minnesota Attorney General's Office, St. Paul, MN, on behalf of Defendant Lori Swanson.

_____

        This matter is before the undersigned United States District Judge for consideration of Plaintiff Stephen Michael Michuda's ("Michuda") Objections [Docket No. 7][1] to Magistrate Judge Jeffrey J. Keyes' May 17, 2011 Report and Recommendation ("R&R") [Docket No. 6]. Judge Keyes' R&R recommends (1) denying Michuda's applications for a writ of habeas corpus,

---

[1] Michuda seeks relief from his several state court convictions in three separate actions, captioned above. Magistrate Judge Keyes consolidated the three actions for the purpose of his Report and Recommendation. The docket entries in the three cases relevant to this Order all bear the same numbers, and therefore the court will simply refer to "Docket No." to reference the docket in each case. Michuda brought a fourth action, Civil No. 11-1031, that was not subject to the Report and Recommendation because it is an action under 42 U.S.C. § 1983, not a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because Michuda captioned his Objections with the number for the fourth case, his Objections were docketed in that case as well. Because there is no ruling to object to in that case, to the extent that a ruling is required, the Objections in that case, Civil No. 11-1031, are overruled.

(2) denying Michuda's applications for leave to proceed in forma pauperis, (3) dismissing all actions in the captioned cases, and (4) not granting a Certificate of Appealability in the captioned cases.  Based on a de novo review of the record, Michuda's Objections are overruled and the R&R is adopted.

The factual and procedural history of these cases is fully recited in the R&R and will not be repeated here, but rather are incorporated by reference.  After a de novo review of the records in these cases, the Court adopts Judge Keyes' R&R because Michuda's petitions for habeas corpus are time-barred under 28 U.S.C. § 2244(d)(1), even when the pleadings are liberally construed in his favor.

In his Objections, Michuda raises several arguments directed at the tolling of the statute of limitations.  First, he argues that he was unaware of the one-year statute of limitations for his Petitions because he is not an attorney, is not represented by an attorney, and is unskilled in legal practice.  These excuses cannot provide the basis for tolling the statute of limitations here.  See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (noting that Eighth Circuit precedent has refused to allow tolling of statute of limitations in habeas corpus cases where unrepresented parties allege a lack of legal knowledge or legal resources).

Michuda further argues that the state lulled him into inaction because his public defenders did not timely provide him with records he sought.  Michuda was not lulled into inaction.  He could have filed his petition without those records, and in fact eventually did so here.  Indeed, if Michuda's allegedly ineffective defense attorneys were evading his correspondence, he should have heightened his level of diligence, not been lulled into inaction.

Michuda also argues that he "may" have Asperger's syndrome and that possibility

constitutes an extraordinary circumstance that warrants tolling of the statute of limitations. Michuda's undiagnosed mental illness is no such circumstance. See United States v. Sykes, No. 97-CR-178-GKF, 2009 WL 3075352, *2-3 (N.D. Okla. Sept. 22, 2009) (declining to toll statute of limitations for prisoner with "schizoaffective disorder" and "antisocial personality disorder" where prisoner was not incapable of pursuing legal remedies); Williams v. Phillips, No. 02 CV 5885(SJ), 2005 WL 1072711, *2 (E.D.N.Y. April 29, 2005) (denying to toll statute of limitations on basis of prisoner's undiagnosed illness without particularized description of how such condition prevented him from filing claims).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Michuda's Objections [Docket No. 7] are **OVERRULED**;

2. Judge Keyes' May 17, 2011 Report and Recommendation [Docket No. 6] is **ADOPTED**;

3. Michuda's Applications to Proceed In Forma Pauperis [Docket No. 2] are **DENIED**;

4. Michuda's Petitions for Writ of Habeas Corpus [Docket No. 1] are **DENIED**;

5. All claims in the captioned cases are **DISMISSED WITH PREJUDICE**; and

6. A Certificate of Appealability shall not issue in any of the captioned cases.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 17, 2011.